Good morning, and may it please the Court, Jim Peterson of Hicks, Fletcher & Mack, on behalf of the appellant, I would like to reserve two to three minutes for rebuttal, if I could. As the panel is well aware, having read the briefing on this case, this is an employment class certification case where we've sought a petition to review a decision by Judge Chan of the Northern District to grant certification on a class case involving expense reimbursement at O'Reilly Auto Parts retail stores. And as we've outlined in our brief, whenever you're analyzing the issues of Rule 23 in an employment context, you do have to analyze a little bit of the underlying case so you can determine whether or not common issues predominate. Well, let me ask on that, because that seems to be the central issue in this case. This is a Rule 23-F appeal, and so the only thing we can do on this appeal is either say that a class was — that the judge either abused his discretion in certifying the class or did not abuse his discretion, correct? Well, I believe that's true with one minor exception, and that is I think the case law is pretty clear that if the judge based his decision on erroneous legal assumptions, then the Court can review those legal assumptions. But don't the cases suggest that those are erroneous legal assumptions as to the nature of the class? In other words, erroneous legal assumptions on the Rule 23 issues as opposed to what the underlying theories of liability might be? I would suggest that it's both, that if the judge in doing the Rule 23 analysis misapplies California law under the Erie Doctrine, I do believe that is subject to independent review by this panel and not subject to the abuse of discretion. Let me follow up on that, because it's the thing that gives me the most trouble about your position. Sure. The class on its face, putting aside the fail-safe and self-certification issues, which I understand are separate arguments, seems pretty unexceptionable. California law requires that people be reimbursed for their expenses, and the class definition is simply those folks in a certain time period who weren't reimbursed for their expenses. The class definition doesn't seem to embody any theory of liability in my review. Am I wrong in that? Well, I believe so, Your Honor, and here's why. When Judge Chin made his decision on how to define this class and entered into this self-certification process, he based his analysis of the common issues solely on his interpretation of Labor Code Section 2802, the reimbursement section, and when you look at the way in which he's defined the class, it is involving the liability issue. You raise your hand through an affidavit and say, I incurred an expense and I didn't get reimbursed. That's your classic fail-safe class, and I do believe that that class as defined is ripe with all kinds of due process concerns. Well, but those are separate issues from the theory of liability, aren't they? In other words, let's assume the theory of liability had instead been only those people that the employer knew had incurred expenses and had nonetheless failed to reimburse. The class definition in the identification process would nonetheless be the same, wouldn't it? Well, I think that you would have, interestingly enough, if you look at other cases in this And there's no evidence, no common evidence that they're not providing expense reimbursement, and the case law makes it clear that there's some burden on the employee to do something. Where we believe Judge Chen's definition of the class ran afoul is when it created this fail-safe class where you raise your right hand and say, I perform these two elements. Well, it's not fail-safe if the employer has a defense that I didn't know of or have reason to know. I would acknowledge that if you accept Judge Chen's interpretation of 2802 and impose on the employer this obligation once the knowledge is put on them to exercise due diligence, then the way he's defined it would not be a fail-safe class. And that's why him running afoul of the law created the fail-safe problem. Right. And isn't it the burden, as Judge Chen seems to have, there's no summary judgment motion here. There's no partial summary judgment. He's made all these statements in the class certification process. But even under your interpretation of the class, isn't the burden on the class members to demonstrate that the employer knew or should have known? I believe that burden is there, but under Judge Chen's analysis, the burden will then  Right. The employer might have an affirmative defense of saying, no, I really couldn't have known. That's true. I think that is correct analysis. But the burden is on the class to demonstrate that the employer knew or shouldn't have known of any particular reimbursement, right? Correct. And the problem that I have with that, and let's talk about that issue from a Rule 23 standpoint. Judge Chen, in his order, made some assumptions. Let's just assume that he's right and the California Supreme Court's wrong on 2802. Well, to be fair. There's no California Supreme Court case that specifically deals with this issue. You make certain reasonable assumptions or perhaps unreasonable assumptions from other things they've said. But there's no California Supreme Court case on point that says one of the prerequisites for recovering these reimbursements is making a request pursuant to an employer's policy. Well, if you look at the Gattuso case, which we cited, you saw that the Supreme Court there outlined three different methods of reimbursement, each of which carried higher burdens on the employee. But the court didn't say these are the exclusive ways of obtaining reimbursement, did it? Well, they described them as the three methods. I'm not sure the merits are in front of us. And when they eventually end up in front of us, you may have a terrific argument on them. I'm just saying I'm less convinced than you are that Judge Chen wrote willy-nilly over California law. He may have misinterpreted it. But there certainly isn't a California Supreme Court case that gives exact guidance for this case. I understand. I believe the Gattuso case does that. But the express holding there was whether or not you could provide reimbursement in a lump sum. But in the process of analyzing it, they outlined other methods, of course, putting burdens on the employee to do something. And it's interesting. But the question I'm still stuck with is why is that in front of us now? These guys may have a terrible liability theory, but you'll win against the entire class at once rather than winning them one by one. What's wrong with the class that seems to be well-defined to match up their terrible liability theory, if you will? Move for summary judgment. Well, okay. Let me address that issue. Let's look at what Judge Chen found the common issue was. And let's focus on this knowledge issue, putting aside my view that that's not the law. But Judge Chen's view of the law is that the employer, if the plaintiffs prove the employer knew or should have known this expense was being incurred, then they have to prove that they used due diligence to reimburse. And what are the common issues as framed by the court? What the trial court said is we can adjudicate that knowledge on class-wide proof. But think about that for a minute. You have 512 stores with an express policy for reimbursement that can be done at the store level for less than $20 or at the corporate level for more than $20. This seems to me to be the argument you should be making. In other words, this is the class management argument or the class typicality or commonality argument, as opposed to even if Judge Chen has the wrong theory of liability, the question ought to be is the class manageable properly defined under that theory. So that's what I want to hear. Okay. And I'm glad you said it because that's what I was going to address next. So it's perfect. Here's the problem with Judge Chen's analysis. In his order, he makes a lot of assumptions that the store manager is always going to know who goes to the bank. That's not necessarily true. And that may vary from store to store. He makes an assumption that the store manager is going to know whether or not somebody submitted a request for reimbursement at the store level. But that may or may not be true if he's not involved in it. An assistant manager could process it. He makes the assumption that the store manager is going to know whether or not somebody submitted an expense reimbursement request to the corporate office. That isn't even handled by the store manager. That's handled through the district manager. Let's go to the next level in the hierarchy for O'Reilly's knowledge. You've got district managers that supervise 10 to 12 stores. There's going to be verity among the stores, 512, among the districts, over 50, as to the knowledge of the individuals. And then the question becomes, who do you impute that knowledge to? If it's the store manager, one of the putative class members, although Judge Chen created the subclass for them, or the assistant store manager, where there was no subclass created, they're the ones that are part of this class and get reimbursed. And so which of the Rule 23 factors do you think Judge Chen abused his discretion? I believe on the commonality, superiority, and manageability. I think all of them. One of the things that I do. We do review that for abuse of discretion, right? You do. You do. And I think where he abused his discretion is, if you look at the order, he made these Elgar's case, and what knowledge his store manager had, or his district manager have, and impute that across the entire state. When you have 512 different stores engaging in 512 different acts, with different store managers working different schedules that may or may not be there, when somebody goes to the bank, they may be at a sales call. Because this auto parts retailer- At what level do they have to show the knowledge? I mean, somebody's got to go to the bank every day by 2 p.m. True. And is that, once you prove that the employer knew that people, that somebody in the store is going to go to the bank, does that get them anywhere? Is that a common part of the proof? Well, I guess that's my point, Your Honor, is that there is going to be variability from store to store as to who went and who has knowledge of who went. There's at least two people at every store that are supposed to do the bank run, one of the two. But the evidence is that what's called the RSS, as you saw in the briefs, which is like a second assistant will do it on occasion as well. Obviously, the store manager's only working five days a week. If he works a Sunday, there's two other days that bank deposits are being made, and he's not even there. The assistant manager may be off at a commercial customer doing a sales call, and an RSS runs to the bank. And then again, when they come back, do they do immediate reimbursement out of petty cash? Do they accumulate them and send them to the corporate office? So this knowledge of whether the expense was incurred, whether they walked, whether they took the delivery truck, some days the delivery truck might be available, some days it might. Some district managers allow use of delivery trucks, some don't. There's so much variability in this that it really will wreak havoc. And one of the other problems I have is there was no trial plan submitted with this class certification motion. And so we're speculating about how this common proof on this knowledge element is going to be proven. It would have to be done on a store-by-store basis, would it not? It would. And that's my point. If it's done on a store-by-store basis, then it clearly, common issues won't predominate, and it's not a superior method for adjudicating this kind of claim. I'm sorry, Judge. I was going to say the principle is that all these stores have deposits at a certain time. And so that's pretty common, right? By a deadline, yes. It could be done at 10 in the morning. It could be done at noon. It could be done at 2, probably depending on availability and customers. One other practical thing I'd like to address before I save my time for rebuttal. I was going to remind you. Yeah. Thank you for that. You know, we cited the Chavez v. Lumber Liquidators case and the NRA AutoZone cases, two other cases on identical facts out of the same Northern District of California, one of which, ironically, is our largest competitor. In the AutoZone case, they had the exact same facts we have. They had an express policy allowing reimbursement. They had proof that the reimbursement program was utilized. They had evidence that there was no denial. And in that case, Judge Brower found the absence of common questions because there were no uniform policy that denied reimbursement. And ironically, Judge Brower even looked at this Stewart v. Radio Shack case and presumed the knowledge to be that the employee had submitted a request. And he found, excuse me, Judge Conte in the Lumber Liquidators case found that one of the issues that will be individualized is whether the employee submitted the request. They presumed an employee obligation to do something. And I guess the practical problem with a case like this, from a commonality standpoint, is there's so many individualized issues, including who went when and did they submit a request. And I think the employee has some burden here. Thank you. Mr. Edelman, I've misidentified you before. Daniel Edelman, yes, Your Honor, thank you. Can you address the sort of manageability issues that your opponent talked about? I'm, you know, I'm speaking only for myself, but not for the Court. I'm less interested in the theory whether or not Judge Chet had the correct theory of liability than whether or not this class is manageable under his theory. Yes, Your Honor. I hope I can do that, even though the manageability issues were not among the three issues presented in the 23F petition. We're talking about something different here. We had the three issues of the – whether the self-certification were an adequate piece. Yes, and maybe I mischaracterized the issue. Well, it's not one of their – No, but my concern is the one that your opponent has been treating, which is that isn't this going to just devolve into – how many employees are there of O'Reilly? Approximately 4,000 class members over time. Isn't this going to devolve into 4,000 individual – Well, I don't think so, Your Honor. That's not the issue they raised. It is an issue that Judge Chen, of course, addressed in connection with commonality and predominance. Sure. And he deferred those issues to a later stage of the litigation, which perhaps is the reason that it's not raised as one of the 23F issues for this Court's review. And as to that, this Court, in the recent Breseno decision, the subject of our 28J submission, in Breseno, Judge Friedland ruled that there is no requirement to demonstrate administrative feasibility, a feasible way of identifying class members, so that pre-termits the issue about the self-certification that is a – Well, no, on the self-certification issue, I think Judge Friedland's opinion probably is controllable. Yes. My question's really a different one, and maybe you think it's not in front of us. Well, even if everybody self-certifies, how is the eventual liability determination to be made, except on a case-by-case basis? Here's some guidance. In the Mullins v. Direct digital decision of the Seventh Circuit, which pervades Judge Friedland's decision, the Seventh Circuit in Mullins took up specifically an argument that CSK doesn't make but could be making here, which is that the trial court in Mullins abused its discretion by deferring those issues to a later stage in the litigation, and the Seventh Circuit said, no, no, that was appropriate. So tell me how you think that would work. So what would happen is the judge would say, as to all members of the class, I certify that – I find that if you – if O'Reilly – it's easier for me to call it O'Reilly – if O'Reilly knew or should have known that you had a reimbursement and didn't give it to you, then they are liable to you, and now we will have individual trials about whether they knew or should have known. Well, that's right. The district court defined common practices that cut across. Number one, the uniform policy, challenged as unlawful in this case, of conditioning reimbursement on a request. That's what Judge Chen thought. Number two … No, he's going to have to find whether or not that policy is unlawful. He believes it's unlawful. Well, I know he believes it's unlawful. But that ruling is not in front of us, is it? Well, Mr. Peterson says it is. Well, is it? That's my question. So is it because of the way he's identified subclasses, or is it not in front of us because it's not encompassed by the 23F certification? Well, the best I can do to say that it is in front of you is it seems to me to be a merits predicate issue on which commonality would depend. Judge Chen's notion of commonality is predicated on his view that the law is as he stated it in Stewart. So it does seem to me that Mr. Peterson could say, although he didn't exactly say it, that this is a merits predicate issue tied to commonality. Okay. So assume that he said it. Okay. And assume that it's in front of us. Okay. What if we think Judge Chen is wrong? What if we think that an employer is entitled to say to people who want to reimburse them, we've got a policy, just ask us and we'll pay you. If he's wrong, then the class certification is wrong in your view? I think that Judge Chen's view of commonality does depend upon that view. I don't think you should say that for the following reasons. As you said, there is no California Supreme Court decision exactly in point. Gattuso doesn't decide it. Mr. Peterson's contention is Gattuso somehow says there are only two elements. The expense was incurred and not reimbursed. But looking into Gattuso's discussion of the commission system, the Supreme Court of California said in Gattuso that the employer, if it wants to use a commission system, will have to have an accounting that allocates the compensation commissions as opposed to the reimbursement. They will have to be able to justify the adequacy of the commission segment of it. And they even said this is an implied additional requirement of 2802. So within the four corners of Gattuso, if you look carefully enough, it undermines. Well, my problem with Gattuso and the other California cases is that they don't really deal with the issue I think that your opponent is making. Maybe I'm wrong about this. He says, look, we'll reimburse anybody who has those expenses. All you have to do is ask. Yes. And the class ought to be limited to those who ask. Well, the two unpublished state court decisions, intermediate court decisions that we cite, De Leon and Lopez, do embrace the Stewart standard of not new or should have known. And Mr. Peterson brought to our attention your decision in Beeman versus Anthem that says that a federal court is obligated to look to the decision of an intermediate. But not we're only, we only, well, not unpublished ones. In that case, if you look back at it, two of the three decisions that they relied upon were unpublished. But if there was a published decision in that case. That's the difference. The unpublished decisions just came out the same way as the published one. That is, that is right. But I may. We have to make an eerie guess about what the California Supreme Court would say. And I take it you agree that the California Supreme Court really has not addressed this precise issue. I do agree, only insofar, but I qualify that insofar as I just said that Gattuso does embody this implied additional requirement to justify, to show that the amount allocated to. So they've got to do something. And I would argue that that's quite akin. Gattuso was a case, as I read it, where the employer wanted to pay reimbursement, but in a lump sum rather than in various, in a single. Yes, well not. Reimbursement by reimbursement. They said it's a lump sum. It's an enhanced lump sum based on the employee's commission. But Gattuso didn't deal at all with the notion of an employer being required to pay reimbursement absent a request from the employee, correct? That is right. Nor did the Chavez or Otto. So we're in uncharted territory here in California. And those were Federal cases anyway. Yes, well, all I can find on what the California Supreme Court would do is the one thing about Gattuso addressed in connection with the commissions that I say is quite akin to what Judge Chen did in Stewart. And also, in Gattuso, the California Supreme Court ruled that the construction of 2802 begins with the statutory objective of preventing an employer from shifting expenses of doing business to its employees. That's the overall objective. And here we're talking about small expenses. They're small in any individual instance. If we uphold the district court, I always like to look at the practical side. How are you going to proceed on this? You're going to try store by store, or are you going to have a whole group of stores in San Francisco or San Jose or some other place? I don't think it's a store by store. I think it's like the adjudication of class liability. The Jimenez case versus Allstate is a great example. There was no facility, contemplation of facility by facility proof to demonstrate liability to those claims adjusters. This court said, well, there's a policy that would show a liability, and then it's up to individuals in the claims stage to show number one. And some of the individuals in that class may not actually have been injured to show how much they were injured, if at all. Some of the managers may say they never told them about these expenses, right? They may say, but after the Stewart decision, which came down in April 2009, before the beginning of the class period in this case, CSK has been content for nearly eight years to continue to apply a policy of requests only for reimbursements when they could easily have complied, just by requiring each depositor, when he makes a deposit, or she, just write on the deposit ticket, the initial, who made the deposit, and whether expenses were incurred and how much. So the Stewart case, interestingly enough, was Judge Chen, wasn't it? Yes, it was. So is Judge Chen citing Judge Chen? It is, but several other Federal decisions follow it. I'd like to cite myself, too. I'm trying to figure out whether there's authority other than Judge Chen. But no one has disagreed with it, Your Honor. What common issues arise because of Judge Chen's interpretation of 2802? In other words, just what is common to the class that will be decided as a class that arise from his construction? Yes, well, what he said in his opinion, and CSK hasn't confronted it, the common issues of the challenge policy, the request of the lawfulness of that. CSK's knowledge or whether they should have known that expenses were being incurred by class members, not individual by individual, but they knew that there were expenses being incurred, which they don't really dispute, and that they knew that some expenses were going unreimbursed. Well, that remains for us to approve, and that will be very important, and whether or not they satisfied this substantive duty of best efforts. And by the way, there was no flipping of the burden of proof. CSK conflates the substantive burden to the substantive burden to exercise reasonable efforts toward reimbursement with a burden of proof. Nowhere did Judge Chen, either in this case or the Stewart case, say that the defendant bore any burden of proof. Normally, the plaintiff has a burden of proof, and we don't challenge that. But those are the common issues that he delineated that we would argue surely justified the satisfaction of commonality. He did not abuse his discretion in deferring further questions about manageability and predominance to a later stage. You'll recall he said at some point in the opinion that the sworn certifications that he foresaw being put in at the claim stage, they might win all at the class. They might show that the individualized determinations in the claims process would be less than CSK was claiming. Or they might show that the individualized questions would be just too much even at the claim stage, in which case he could modify the class, he could decertify the class, he could do all sorts of things. So here we are reviewing this, talking about the issues of commonality, predominance and manageability that weren't presented in the 23-F petition and that are barred on the road in the management of this case. Sotomayor, are they barred, or when a 23-F petition comes to us, can't we just review the issue of whether the certification was an abuse of discretion as opposed to the individual issues in the petition? I'm not sure I know the case law on that perfectly. But I thought that the issue in front of us was to review whether or not the judge abused his discretion in certifying the class and that we weren't necessarily limited to the issues he certified to us. But I may be wrong. Well, I may be as well. But on that, I would direct you to what Mullins has said, no abuse of discretion in deferring those issues down the road. And this is what trial courts do all the time in the ongoing process of managing a class action. If there are no further questions, thank you very much. Thank you. Mr. Peterson, I think you've got a minute. I have limited time, and I'll try and cut to the chase here. Having heard that discussion a little bit, there's just a couple more points I wanted to make. Where we take issue with the abuse of discretion, to the point you just raised, is what I raised earlier. There are so many individual issues that will predominate this knowledge issue, as I outlined previously. I need not restate them again. Knowledge as to who went to the bank, how they got there, whether they got reimbursed, that it clearly was an abuse of discretion. I also want to read a couple of just two quick quotes, one from the Chavez case, Judge Breyer's decision, when he found an absence of commonality on identical facts. The court would need to make individualized factual determinations concerning whether the claimed expense were necessary, whether the employee actually sought reimbursement. So he's presuming the employee doing something, and whether or not they were reimbursed. When Judge Breyer denied certification in the AutoZone case, he said, because defendant had a uniform policy to provide reimbursement, because plaintiff failed to offer significant proof that defendant had a uniform policy or practice of denying reimbursement, and because defendants offered numerous putative class member declarations demonstrating that the employees were routinely reimbursed, the court holds that plaintiff has failed to demonstrate convincing evidence of common questions. Lastly, I know we cited in the trial court, I don't think we did in the appellate brief, what I call Stuart 1, Judge Chen's class certification decision in the Stuart versus RadioShack case. It's cited in our opposition to the motion for class certification. The Westlaw side is 2009, Westlaw 281941. The Lexis side is 2009, U.S. District Lexis 12337. If you want us to consider that one, why don't you submit a 20HA letter so that we can. Okay. I will. And just briefly, ironically, what Judge Chen does is he cites de Gattuso in statutory interpretation on this 2802 issue, and he says that when you interpret a statute, you shouldn't do so in a way that creates absurd results. He then says that the plaintiff argued the employer can't sit back and wait for a claim of reimbursement. And then Judge Chen says, however, Mr. Stuart's not cited any authority to support this proposition, and practically speaking, such an approach would produce mischief or absurdity, which Gattuso said you can't have. Okay. You exceeded your time. And if it's just to read us from a case that you're going to cite to us anyway. If I could, just one last point I wanted to make on this self-certification issue, and I know there's percent of cases out there. One big difference in this case and that case, as we outlined in our 28J letter, is that that was an aggregate liability case. This isn't one. And can we really create a class, can we certify a class where somebody's just going to check a box and raise their hand and say, yes, I went to the bank, and yes, I didn't get reimbursed without any due process right to cross-examine that affirmation, when we know from the record that several people that responded to Mr. Malk's survey in the underlying case were wrong? We've let you go well into overtime. Thank you. Appreciate the arguments from both sides in this case. We will take the case under submission, and the Court will be in recess until tomorrow.
judges: Siler, Canby, Hurwitz